## Cox and Wife, *vs.* Bunker and Wife.

### *Error to Washington.*

To call a woman a " *whore* " is actionable without proof of special damages.

This was an action on the case for slander, instituted in the District Court of Washington county, by Stephen Bunker and Louisa, his wife, against Cyrus Cox and Jane, his wife.

This case was tried at October term, 1843, and a verdict and judgment rendered for the plaintiffs for $265.

The defendants below, seeks to reverse this judgment, because the court instructed the jury that to call a female a *whore*, was actionable without proof of special damages.

The facts are explicitly stated in the opinion of the court.

G. W. Teas, for plaintiffs in error.

Bates & Carleton, for defendants in error.

By the Court, Williams, Justice.—This is an action for words spoken. There was a verdict rendered by the District Court of Washington county, in favor of the plaintiffs and against the defendants, and judgment entered thereon by the court.

The errors assigned are as follows, viz :

1. The court erred in instructing the jury that to call a female a *whore* is actionable without proof of special damage.

2. The court erred in overruling the motion for a new trial.

3. The court erred in overruling the motion in arrest of judgment.

There is but one question presented for decision to this court. The motion for a new trial, as well as that in arrest of judgment, was based upon the point contained in the first error here assigned.

The declaration consists of several counts, setting forth that Louisa Bunker is the wife of Stephen Bunker, and as plaintiffs, their suit was brought against the defendants for damages for words spoken by Jane Cox, one of the defendants, wife of Cyrus Cox, who is also made defendant. The words laid in the declaration are as follows :

" Mrs. Bunker is a whore and I can prove it. Mrs. Bunker is a dirty lieing bitch and a whore and I can swear to it and prove it. She had

cohabited with her brother-in-law, and that the children were not Stephen's, they were Jonathan Bunker's; Jonathan had given her a bee-stand. She is a dirty bitch; a strumpet and no better than a whore, and I can prove it. She is a nasty stinking whore, and her children were no more Stephen's than they were yours. (Meaning Mrs. Blue's, the witness.")

The defendants pleaded the general issue and notice. Issue being joined, the cause was tried and the jury found a verdict for the plaintiffs and assessed the damages at two hundred and sixty dollars and costs.

Are the words laid in the declaration actionable, and can plaintiffs recover without proving special damage to have been sustained in consequence of the speaking of them? Our opinion is that they are actionable and that proof of special damages need not be made to enable plaintiffs to recover. In former times a different doctrine was held by the courts: but now a rule which is founded in the soundest reason prevails. The reputation of a female for chastity, by the common consent of mankind, is regarded with peculiar jealousy. The condition of women is therefore, as to this virtue, such, that if words such as are here laid, were believed, she would be excluded from society and set aside as infamous in the common sense of the term.

The rule which has been adopted in the case of Miller vs. Parish, 8 Pick. R., page 385, is the proper one. Parker, Chief Justice, says, "It is objected that a false and malicious charge of fornication against a female will not sustain an action of slander, because fornication is not a crime at common law, and is not punishable by statute with ignominious punishment. We do not think that the objection is valid: for whenever an offence is charged, which, if proved, may subject the party to a punishment, though not ignominious, but, which brings disgrace upon the party falsely accused, such an accusation is actionable." By legislative enactment of this territory, fornication and adultery are made punishable by fine and imprisonment. Act of 1839, page 164. This act was in force at the time of the speaking of the words laid, and of the alledged commission of the crime imputed by the words spoken. Taking the case here presented, and, in accordance with the universally received and approved doctrine, that the sense in which words are received by the world, is that which courts of justice ought to ascribe to them, a crime cognizable by the law, and punishable by fine and imprisonment, is charged upon the plaintiff Mrs. Bunker, and if true, would, by enforcement of the law, render her amenable thereto, and, by infliction of the punishment prescribed, bring her into disgrace. With this view of the

case, the words laid in the declaration are actionable.  But in the case of Andres and wife vs. Koppenheaffr, 3d Serg. & Rawle, 261, it is expressly decided that " woman a *whore* is actionable without special damages, because ne of fornication is indictable; and to call a married woman an adulteress is actionable, because indictable." We take it to be clear, in this case, that the offence imputed to the wife of the plaintiff by the words spoken, would have subjected her to indictment and punishment by imprisonment, and moreover attached a moral turpitude inseperable from the crime of adultery.  Therefore it was not necessary to give proof of special damages to the jury on the trial of the cause below.  To charge upon a woman that she is a *whore*, would be likely to exclude her from the society of virtuous and respectable people and prevent her from such connections in life as would be promotive of her happiness.  This appears to be, we think, upon good authority, as precedent, the current of modern decisions, and we have no hesitation in giving our full consent to so righteous a principle.

The judgment of the District Court is affirmed.